UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PASCAL HABIMANA,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2982

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on October 22, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed a Notice that 8 U.S.C. § 1231 governed Petitioner's detention, (ECF No. 6), and filed their response on November 5, 2026. (ECF No. 8.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Rwanda. (Courtney Decl. ¶ 4, ECF No. 8-1, PageID.39.) Petitioner was admitted to the United States in 2015 as the child of a refugee. (*Id.*) On May 2, 2017, Petitioner's status was adjusted to Lawful Permanent Resident. (*Id.* ¶ 5.) Petitioner received two criminal convictions in 2024 and, upon his release from the Michigan Department of Corrections, Petitioner was arrested by ICE on January 14, 2026. (*Id.* ¶¶ 6–9, PageID.39–40.)

"On May 21, 2026, an immigration judge ordered [Petitioner] removed." (Courtney Decl. ¶ 10, ECF No. 8-1, PageID.40.) The immigration judge "granted withholding to the Democratic Republic of the Congo, and ordered removal in the alternative to Rwanda." (*Id.*) Petitioner did not file a timely appeal of that order, rendering Petitioner's order of removal final on June 23, 2026. (*Id.*)

On September 3, 2026, and October 16, 2026, ICE contacted the Rwandan embassy regarding travel documents for Petitioner. (*Id.* ¶¶ 15, 17, PageID.41.) Respondents' declarant states that, "ICE expects a travel document [for Petitioner] to be issued . . . [and] there are no barriers to [Petitioner's] removal." (*Id.* ¶ 18.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Merits Discussion**

The parties agree that Petitioner is subject to a final order of removal. (Pet., ECF No. 1, PageID.6; Resp., ECF No. 8, PageID.27.) Therefore, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful because ICE has been "unable to find a country willing to accept [Petitioner] or issue [Petitioner] travel documents." (Pet., ECF No. 1, PageID.6.) In response, Respondents argue that Petitioner "has not been in post-final removal order custody for more than six months on the date the petition is filed [and] his detention is presumptively lawful." (Resp., ECF No. 8, PageID.31.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of deportation became final on June 23, 2026. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas*, the Supreme Court considered whether 8 U.S.C. § 1231(a)(6) authorizes indefinite detention when no other country is willing to take a person who has been ordered removed. 533 U.S. at 682. In answering that question, the Court noted that the purpose of the statute was to assure the "alien's presence at the moment of removal." *Id.* at 699. Therefore, the Court concluded that the removal itself must be reasonably foreseeable to fall within post-removal-order detention authorized by the statute. *Id.* The Court indicated that there was no specific point in time at which the detention became constitutionally impermissible, and that the allowable period would vary from case to case. *Id.* Still, to assist the lower courts in making the difficult judgment calls about the lawfulness of detention, the Court designated six months as a "presumptively

reasonable period of detention." *Id.* at 701. Even after six months, though, the Court made clear that the detention may continue unless the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Under this framework, it is the petitioner's burden to come forward with evidence showing that removal is not significantly likely to occur sometime soon. *Id.* Only after the petitioner has come forward with such evidence does the burden flip to the respondents, who must then show evidence that the removal is, in fact, reasonably foreseeable. *See Abdalla v. Johnson*, No. 16-14422, 2017 WL 345731, at *4 (E.D. Mich. Jan. 24, 2017) (rejecting Petitioner's claim that detention of more than a year violated *Zadvydas* when the petitioner "provide[d] no evidence" that removal was unlikely to occur in the near future).

Here, Petitioner has been detained less than six months after his order of removal became administratively final. Petitioner argues that removal "is not significantly likely . . . [and Petitioner's] detention no longer serves ICE's purpose," but he does not provide any further explanation or support for this argument. (Pet., ECF No. 1, PageID.6.) At this stage of the proceedings, Petitioner's assertion, without more, is insufficient to meet Petitioner's burden to show that Petitioner's deportation is not reasonably foreseeable.

The Court recognizes that continued detention may, over time, come to resemble the kind of indefinite confinement that *Zadvydas* may not permit. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely [has] to shrink." *Zadvydas*, 533 U.S. at 701. Courts applying this principle recognize that even where the Government continues to pursue removal in good faith, the passage of time can eventually erode the reasonableness of continued detention. *See Martinez*, 968 F.3d at 565 (explaining that prolonged detention may become unreasonable if the petitioner later demonstrates that removal is

no longer likely). Here, however, the Court is not yet faced with that situation. Accordingly, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.[1]

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 13, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

[1] If Petitioner's circumstances change, Petitioner is free to file a new § 2241 petition challenging his detention.